**EXHIBIT 7**

**SENECA NATION OF INDIANS**
**CATTARAUGUS TERRITORY**
**PEACEMAKERS COURT**

SENECA NATION OF INDIANS,

        Plaintiff

vs.

JUDICIAL ARBITRATION & MEDIATION
SERVICES, INC. (JAMS) and LECG, LLC.,

        Defendants

**SUMMONS**

CA # 0125-06-1

### TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of your appearance, on plaintiff's attorney within thirty (30) days after service of this summons, exclusive of the day of service. **In case of your failure to appear, judgment will be taken against you by default for the relief demanded in the complaint.**

Plaintiff designates Peacemakers Court, Allegany Territory, as the place of trial of this action, based on the location of Plaintiff's place of business.

Dated: January 25, 2006.

        SENECA NATION OF INDIANS
        PEACEMAKERS COURT,
        ALLEGANY TERRITORY

        By: _____
        Deputy Clerk

**SENECA NATION OF INDIANS**
**CATTARAUGUS TERRITORY**
**PEACEMAKERS COURT**

SENECA NATION OF INDIANS,

        Plaintiff

vs.

JUDICIAL ARBITRATION & MEDIATION
SERVICES, INC. (JAMS) and LECG, LLC.,

        Defendants

**COMPLAINT**

CA # 0125-06-1

Plaintiff, **SENECA NATION OF INDIANS**, by its attorneys, Brady & Swenson, for its complaint herein, states as follows:

1. Plaintiff ("the Nation") is a recognized sovereign nation organized in accordance with its Constitution of 1848, as amended, and recognized as such by the United States pursuant to treaty and federal law.

2. Upon information and belief, Defendant Judicial Arbitration & Mediation Services, Inc. ("JAMS") is a business corporation providing arbitration and related services to individuals and business entities and maintains offices at 555 13th Street, NW, Suite 700, Washington, D.C. 20004.

3. Upon information and belief, Defendant LECG, LLC ("LECG") is a business corporation or limited liability company that provides forensic accounting and other consulting services to its clients and maintains offices at 1725 Eye Street, NW, Washington, D.C. 20006.

4. On or about November 13, 2004, the Nation retained Roscoe C. Howard, Jr., Esq. and the law firm of Sheppard Mullin Richter & Hampton, LLP ("Howard") as independent counsel to conduct an independent review of actions taken by the Seneca Gaming Corporation and other entities and to retain qualified forensic auditors and other consultants to review certain financial transactions.

5. Thereafter, upon information and belief, Howard retained LECG to provide forensic accounting services to Howard for the purpose of reviewing such transactions and on or about November 29, 2004, Howard or his representative signed a document ("the Agreement") engaging LECG to perform

such services and purporting to bind the Nation to resolve any disputes arising under the agreement by arbitration administered by JAMS.

6. The Nation was not a party to the Agreement and never authorized or consented to the inclusion in the Agreement of any provision purportedly subjecting the Nation to binding arbitration of disputes, nor has the Nation ever consented to or authorized JAMS to exercise jurisdiction over any such disputes.

7. The Nation was not made aware of the terms of the Agreement until LECG submitted to JAMS a demand for arbitration of a dispute regarding payments allegedly due to LECG and involving LECG's performance of its obligations.

8. The Nation, as a sovereign, possesses immunity from lawsuits and/or arbitration proceedings.

9. Such immunity remains intact unless expressly waived by the Nation Council. See *Civil Procedure Rules §2-108(b)*, providing that the Nation's sovereignty cannot be implied.

10. By retaining Howard as independent counsel and authorizing him to "retain qualified forensic auditors", the Nation did not expressly or even impliedly waive its sovereign immunity from arbitration proceedings or lawsuits commenced by the consultants retained by Howard.

11. Upon information and belief, immediate and irreparable injury and loss could result unless defendants enjoined and restrained from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation.

WHEREFORE, plaintiff requests that this Court:

a. Enter judgment permanently enjoining and restraining defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation; and

b. Preliminarily enjoin defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation pending the final judgment herein; and

c. Grant a temporary restraining order restraining and enjoining defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation pending the hearing and determination of the Nation's application for a preliminary injunction; and

d. Grant such other and further relief as to the Court may seem just and proper.

Dated: January 23, 2006

                                          Yours, etc.

                                          Matthew R. Swenson, Esq.
                                          BRADY & SWENSON
                                          Attorneys for Plaintiff Seneca Nation of Indians
                                          41 Main Street
                                          Salamanca, NY 14779
                                          (716)945-2000

SENECA NATION OF INDIANS
ALLEGANY TERRITORY
PEACEMAKERS COURT
===

SENECA NATION OF INDIANS,

        Plaintiff

    vs.

JUDICIAL ARBITRATION & MEDIATION
SERVICES, INC. (JAMS) and LECG, LLC.,

        Defendants
===

ORDER TO SHOW CAUSE

CA # 0125-06-1

    Upon the affidavit of Maurice A. John, sworn to January 25, 2006, annexed hereto, the summons and complaint dated January 25, 2006, and upon all papers and proceedings had herein,

    Let the defendants, **Judicial Arbitration & Mediation Services, Inc. ("JAMS") and LECG, LLC, ("LECG")** show cause at a Term of this Court to be held at the Seneca Nation Judicial Complex, Center Road, Allegany Territory, Salamanca, New York, on _February 13_, 2006 at _11 A.M._ AM/PM, or as soon thereafter as counsel can be heard, why a preliminary injunction should not be entered herein prohibiting defendants from commencing, prosecuting, administering, carrying on and determining any arbitration proceeding brought by Defendant LECG, LLC against Plaintiff Seneca Nation of Indians during the pendency of this action.

    Pending a hearing on the request for a preliminary injunction, the Court hereby issues a temporary restraining order prohibiting defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by Defendant LECG, LLC against Plaintiff Seneca Nation of Indians.

    Sufficient reason appearing therefore, let service of a copy of this order, together with the papers upon which it was granted, upon defendants by certified mail addressed to Defendant JAMS to the attention of Joseph C. Edmonds, 555 13th Street, NW, Suite 700, Washington, D.C. 20004 and to Defendant LECG at 1725 Eye Street, NW, Washington, D.C. 20006, with a copy to LECG's attorney, Kimya S.P. Johnson, Alston & Bird, LLP, 90 Park Avenue, New York, NY 10016, on or before January _31_, 2006 be deemed sufficient.

    Order signed this _25TH_ day of January, 2006.

Hon. _Norma Kennedy_
Senior Peacemaker

Hon. _Marilyn G. George_
Peacemaker

**SENECA NATION OF INDIANS**
**ALLEGANY TERRITORY**
**PEACEMAKERS COURT**

SENECA NATION OF INDIANS,

        Plaintiff

vs.

JUDICIAL ARBITRATION & MEDIATION
SERVICES, INC. (JAMS) and LECG, LLC.,

        Defendants

**AFFIDAVIT**

CA # 0125-06-1

STATE OF NEW YORK     )
COUNTY OF CATTARAUGUS  ) ss:

MAURICE A. JOHN, being duly sworn, deposes and says:

1. I am the duly elected and acting Treasurer of the Seneca Nation of Indians ("the Nation") and make this affidavit in support of the Nation's application for an order granting a preliminary injunction during the pendency of this action and for the issuance of a preliminary restraining order to prevent Defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation until the hearing and determination of such application for a preliminary injunction.

2. Plaintiff ("the Nation") is a recognized sovereign nation organized in accordance with its Constitution of 1848, as amended, and recognized as such by the United States pursuant to treaty and federal law.

3. The Nation, as a sovereign, possesses immunity from lawsuits and/or arbitration proceedings.

4. Such immunity remains intact unless expressly waived by Council. See *Civil Procedure Rules §2-108(b)*, providing that the Nation's sovereignty cannot be implied.

5. On or about November 13, 2004, the Nation retained Roscoe C. Howard, Jr., Esq. and the law firm of Sheppard Mullin Richter & Hampton, LLP ("Howard") as independent counsel to conduct an independent review of actions taken by the Seneca Gaming Corporation and other entities and to retain

qualified forensic auditors and other consultants to review certain financial transactions

6. By retaining Howard as independent counsel and authorizing him to "retain qualified forensic auditors", the Nation did not expressly or even impliedly waive its sovereign immunity from arbitration proceedings or lawsuits commenced by the consultants retained by Howard.

7. Upon information and belief, Howard retained Defendant LECG, LLC ("LECG") to provide forensic accounting services to Howard for the purpose of reviewing such transactions and on or about November 29, 2004, Howard or his representative signed a document ("the Agreement") engaging LECG to perform such services and purporting to bind the Nation to resolve any disputes arising under the agreement by arbitration administered by Defendant Judicial Arbitration & Mediation Services, Inc. ("JAMS") and to subject the Nation to the enforcement of any award made against it by judgment entered in any state or federal court .

6. The Nation was not a party to the Agreement and never authorized or consented to the inclusion in the Agreement of any provision purportedly subjecting the Nation to binding arbitration of disputes, nor has the Nation ever consented to or authorized JAMS to exercise jurisdiction over any such disputes.

7. The Nation was not made aware of the terms of the Agreement until LECG submitted to JAMS a demand for arbitration of a dispute regarding payments of in excess of $800,000.00 allegedly due to LECG and involving LECG's performance of its obligations.

8. The Agreement does not constitute a clear and express waiver of the Nation's immunity from arbitration proceedings and such immunity remains intact.

9. The Nation has refused to subject itself to the jurisdiction of JAMS for the purpose of the aforementioned arbitration. See correspondence attached hereto as Exhibit A.

10. Notwithstanding such refusal, JAMS has informed the Nation that the arbitration proceeding will be completed whether or not the Nation appears. See correspondence attached hereto as Exhibit B.

11. By reason thereof, Defendants are about to act in violation of the Nation's rights as a sovereign entitled to immunity from legal proceedings unless clearly waived.

12. Since any arbitration award made against the Nation may, under the terms of the Agreement, be enforced by judgment entered in a state or federal court, immediate and irreparable injury and loss would result and the judgment of this Court would be rendered ineffectual unless defendants are enjoined and restrained from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation during the pendency of this action.

_____
Maurice A. John

Sworn to before me this
25th day of January, 2006

_____
Notary Public

SUE M. SWETLAND
Reg. #01SW4728547
Notary Public, State of New York
Qualified in Cattaraugus County
My Commission Expires July 31, 2006

# EXHIBIT "A"



Seneca Nation of Indians
# DEPARTMENT of JUSTICE
P.O. Box 231, Seneca Nation • Salamanca, New York 14779
(716) 945-1790 • Fax (716) 945-6869 (not for service of papers)

November 22, 2005

VIA ELECTRONIC MAIL

Ms. Jessica Centeno
JAMS
280 Park Avenue
Floor 28 West Building
New York, NY 10017

Re:   *Response to Arbitration Demand of LECG, LLC*

Dear Ms. Centeno:

The Seneca Nation of Indians ("Nation") is in receipt of a Demand for Arbitration dated October 27, 2005 that has been filed with JAMS by LECG, LLC ("LECG") relating to a claim against the Nation for a certain sum allegedly owed.

Please be advised that the Nation is a sovereign nation organized in accordance with its Constitution of 1848, as amended, and recognized as such by the United States pursuant to treaty and federal law.[1] As a result, the Nation possesses inherent attributes associated with this sovereign status, including but not limited to, immunity from unconsented lawsuits or arbitration proceedings that may arise in any forum. The Nation opposes any action by JAMS or LECG to conduct the requested arbitration proceeding on the grounds that the Nation has not expressly waived its sovereign immunity to allow such an arbitration proceeding to take place.

The relevant law for determining whether the Nation is subject to an arbitration proceeding is Nation law. Nation courts have ruled repeatedly that the Nation and its subdivisions possess

---

[1]   *See e.g.* Treaty Between the United States of America and the Six Nations of the Haudenosaunee, Nov. 11, 1794, 7 Stat. 44; *Banner v. United States*, 238 F.3d 1348 (Fed. Cir. 2001) ("The SNI is a sovereign Native American tribe who presently reside on two separate land parcels."); Indian Entities Regarded as Eligible to Receive Services from the United States Bureau of Indian Affairs, 68 Fed. Reg. 234, p. 68180 (Dec. 3, 2003).

LETTER TO JAMS RE: LEGCDEMAND
NOVEMBER 22, 2005
PAGE 2

sovereign immunity.[2] Such immunity remains intact unless expressly waived by the Nation Council.[3]

Federal law supports and recognizes the Nation's sovereign immunity. The U.S. Supreme Court has set forth the standards to be applied when determining whether an Indian nation may be subject to an unconsented lawsuit or arbitration proceeding. The Court has concluded that "an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."[4] Such immunity will be recognized "without drawing a distinction based on where the tribal activities occurred" or whether the activities engaged in by the tribe are "governmental or commercial"[5] In sum, the Court has a drawn a "bright line" rule relating to tribal sovereign immunity, requiring that any waiver by Congress be expressed "unequivocally"[6] and any voluntary relinquishment of immunity to be "clear."[7]

On the basis of this legal backdrop, for JAMS to conduct an arbitration proceeding against the Nation, the Nation must have "clearly" waived its sovereign immunity to allow such a proceeding to occur. It has not done so.

LECG cites as the basis for JAMS' authority to conduct an arbitration proceeding involving the Nation a letter agreement between Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") and LECG dated November 29, 2004. Paragraph five of said letter agreement incorporates by reference "LECG's standard commercial terms," which includes a provision authorizing arbitration before JAMS of "[a]ny controversy, dispute, or claim between Client or Counsel." It is alleged that Sheppard Mullin accepted "on its behalf and on behalf of its Client," the Nation, the JAMS arbitration terms. The Nation, however, is not a party to this letter agreement.

---

[2] *See e.g. Snow v. Schindler, et al.*, CA No. 0502-02-1 (Allegany Terr. Peacemakers Ct. Sept. 25, 2002) ("The Seneca Nation of Indians does have legal sovereign immunity, special protection against lawsuit."); *Cooper v. Seneca Gaming Corporation, et al.*, CA No. 0919-02 (Cattaraugus Terr. Peacemakers Ct. Nov. 1, 2002) ("It is well settled that the Seneca Nation of Indians is a sovereign and is immune from suit.").

[3] *See* S.N.I. Peacemakers Court and Surrogates Court Civil Procedure Rules § 2-108 (b) (providing that a waiver of the Nation's sovereignty cannot be implied).

[4] *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998).

[5] *Id.* at 754-755.

[6] *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

[7] *Oklahoma Tax Commission v. Citizen Band Potawatomi Tribe of Oklahoma*, 498 U.S. 505, 509 (1991).

LETTER TO JAMS RE: LEGCDEMAND
NOVEMBER 22, 2005
PAGE 3

On November 13, 2004, the Nation retained Sheppard Mullin as its Independent Counsel to review the financial transactions involving its Class III gaming operations.[8] Pursuant to the authorizing legislative resolution, the Nation Council authorized Sheppard Mullin to "retain qualified forensic auditors and such other consultants as [it] may deem necessary to conduct" its activities. Nowhere contained within this resolution is there an express authorization for Sheppard Mullin to waive the Nation's sovereign immunity in any retainer agreement with any of the "qualified forensic auditors" or "consultants" that it was authorized to retain.

Accordingly, to the extent that the November 29, 2004 letter agreement purported to subject the Nation to the dispute resolution provisions contained therein, Sheppard Mullin's acceptance of any contractual arbitration provisions in that letter on behalf of the Nation is *ultra vires* and thus void and of no force and effect. Moreover, because the Nation Council never even had occasion to review and approve the terms of Sheppard Mullin's agreement with LECG, it can hardly be said that such agreement constitutes a "clear" waiver of the Nation's sovereign immunity.[9]

It is thus the Nation's view that, as a matter of both Nation and Federal law, JAMS is without authority to conduct an arbitration proceeding involving the Nation.

Sincerely,

Robert Odawi Porter
Senior Policy Advisor and Counsel

attachment

cc:   LECG, Inc.
      President
      Treasurer
      Council

---

[8]   *See* Resolution of the Council of the Seneca Nation of Indians, Nov. 13, 2004 (attached).

[9]   The U.S. Supreme Court has had occasion to review whether certain contractual arbitration clauses to which an Indian tribe is a signatory may constitute a sufficiently "clear" waiver of tribal sovereign immunity. In *C & L Enterprises v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 415-416 (2001), the Court found such a waiver to have occurred when the tribe offered a form arbitration clause that required that "all claims or disputes" arising under the contract be resolved by binding arbitration, that ensuing arbitral awards be reduced to judgment "in accordance with applicable law in any court having jurisdiction thereof," and that the choice-of-law provision stipulated a federal or state court forum. Nation law, however, has not defined the circumstances under which a contractual arbitration clause may constitute a waiver of the Nation's sovereign immunity.

**EXHIBIT "B"**