# Seneca Nation of Indians



**President** - Barry E. Snyder, Sr.
**Clerk** - Geraldine Huff

12837 ROUTE 438
IRVING, NEW YORK 14081

Tel. (716) 532-4900
FAX (716) 532-9132

**Treasurer** - Maurice A. John

P.O. BOX 231
SALAMANCA, NEW YORK 14779

Tel. (716) 945-1790
FAX (716) 945-0150

AT THE REGULAR SESSION OF COUNCIL OF THE SENECA NATION OF INDIANS HELD ON AUGUST 12, 2006, AT THE WILLIAM SENECA BUILDING ON THE CATTARAUGUS TERRITORY, IRVING, NEW YORK, 14081.

CN: R-08-12-06-31

EXECUTIVES PRESENT:   PRESIDENT  -   BARRY E. SNYDER SR.
                     CLERK      -   GERALDINE HUFF
                     TREASURER  -   MAURICE A. JOHN

---

**TO AUTHORIZE LEGAL DEFENSE IN ACTION BY LECG AGAINST THE SENECA NATION OF INDIANS / APPROVAL**

MOTION: by Linda Doxtator, seconded by Tina Abrams, that the Seneca Nation Council approves the following resolution;

WHEREAS, the Seneca Nation is sovereign nation organized pursuant to the Constitution of the Seneca Nation of Indians of 1848, as amended, and recognized as such by the United States of America pursuant to the Canandaigua Treaty of 1794, 7 Stat. 44; and

WHEREAS, section I of the Constitution vests the Legislative Authority of the Seneca People in the Nation's Council; and

WHEREAS, as a matter of Nation and federal law, the Nation has sovereign immunity from any claims or action presented to any forum, be that forum judicial, arbitral, or otherwise; and

WHEREAS, in order for the Nation to effect a voluntary waiver of sovereign immunity, such waiver must be clear and unequivocal and approved by Council; and

WHEREAS, the Nation has been named as a defendant in a declaratory judgment action filed by LECG, LLC on July 24, 2006 in the United States District Court for the District of Columbia, in which LECG seeks a determination that the Nation waived its sovereign immunity and agreed to arbitrate any disputes with LECG before Judicial Arbitration & Mediation Services ("JAMS") in Washington, D.C., and in which LECG asks the Court to compel the Nation to arbitrate a dispute with LECG regarding certain sums allegedly owed; and

WHEREAS, the arbitration clause and alleged waiver of sovereign immunity were included in a form agreement proposed by LECG and signed by the law firm of Sheppard, Mullin, Richter & Hampton LLP; and

<u>TO AUTHORIZE LEGAL DEFENSE IN ACTION BY LECG AGAINST THE SENECA NATION OF INDIANS / APPROVAL</u>
REGULAR SESSION OF COUNCIL
AUGUST 12, 2006
PAGE 2

WHEREAS,  the Council did not review, did not approve, and did not sign the form agreement that Sheppard, Mullin, Richter & Hampton LLP entered into with LECG; and

WHEREAS,  the Council authorized Sheppard, Mullin, Richter & Hampton LLP only to "retain qualified forensic auditors and such other consultants as the Firm may deem necessary[]" in the performance of certain services for the Nation, but the Council never authorized the law firm to give the Nation's consent to arbitration or to waive its sovereign immunity; and

WHEREAS,  the Nation has not waived its sovereign immunity in connection with any claims or actions LECG may bring against the Nation, including but not limited to the declaratory judgment action filed by LECG on July 24, 2006 in the United States District Court for the District of Columbia and the arbitration proceeding LECG seeks to compel before JAMS; and

WHEREAS,  prior to LECG's commencement of the federal court action, the Nation filed on January 25, 2006 in the Seneca Nation of Indians Peacemaker's Court an action seeking a judicial determination that the Nation had neither waived its sovereign immunity nor consented to the arbitration of disputes with LECG; and

WHEREAS,  the federal court action filed by LECG is duplicative of the action pending in Peacemaker's Court; and

WHEREAS,  the Nation wishes to participate in the federal court action to defend against LECG's attempt to compel the Nation to participate in an arbitration to which the Nation has not consented; and

WHEREAS,  the Nation wishes to preserve the integrity, authority, and development of the courts of the Seneca Nation of Indians by participating in the federal court action and asking the federal court to stay the action in deference to the pending Peacemaker's Court action on the same subject matter pursuant to the tribal exhaustion doctrine set forth in *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845 (1985) and *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9 (1987); and

NOW THEREFORE, BE IT

RESOLVED  that subject to the following conditions and limitations, the Nation hereby waives its sovereign immunity for the limited purpose of consenting to suit in *LECG, LLC v. Seneca Nation of Indians*, United States District Court for the District of Columbia, Civil Case Number 1:06CV01303:

1) Said waiver is expressly limited, as set forth below, to the adjudication of the claims raised in LECG's July 24, 2006 Complaint for Declaratory Relief filed in the United States District Court for the District of Columbia and any appeals from the adjudication of those claims.

2) Said waiver does not extend to any claim that may be asserted in any amendment or supplement to LECG's initial complaint, any cross-claim, any counterclaim, third party claim, or claim of any other nature that may be filed in the case.

TO AUTHORIZE LEGAL DEFENSE IN ACTION BY LECG AGAINST THE SENECA NATION OF INDIANS / APPROVAL
REGULAR SESSION OF COUNCIL
AUGUST 12, 2006
PAGE 3

3) Said waiver is expressly limited to a determination as to the first three paragraphs of LECG's prayer for declaratory judgment – namely, whether the Nation voluntarily waived its sovereign immunity with respect to the arbitration of disputes with LECG, whether the Nation is subject to arbitration before JAMS, and whether such arbitration may proceed – and any appeals from the determination of those issues.

4) Said waiver does not extend to LECG's request for unspecified "other and further relief."

5) Said waiver does not extend to LECG's request for an award of attorneys fees and costs under any provision of law, the agreement between LECG and Sheppard, Mullin, Richter & Hampton LLP, or otherwise.

6) Said waiver does not extend to any arbitration proceeding in which LECG seeks to compel the Nation's participation, and with respect to the enforcement of any award which might result from such arbitration.

7) Said waiver does not preclude the Nation from raising any other defenses to the claims raised by LECG in this action, asking the Court to stay this action pending resolution of the Peacemaker's Court action on the same subject matter, or asking the Court to recognize the final determination of the Nation's courts.

8) And, in the event that this waiver, or any portion of this waiver, is determined to be invalid or ineffective, the Nation re-asserts its full sovereign immunity as a defense to all claims until further action by this Council.

**ALL IN FAVOR**                                         **MOTION CARRIED**

---

### CERTIFICATION

I hereby certify the foregoing extract is a true and correct copy from the minutes of the Regular Session of Council of the Seneca Nation of Indians held on August 12, 2006, on the Cattaraugus Territory, original of which is on file in the Clerk's Office of the Seneca Nation of Indians.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and caused the seal to be affixed at the William Seneca Building, on the Cattaraugus Territory, on the 16th day of August 2006.

ATTEST:

{ S E A L }

_____
GERALDINE HUFF, CLERK
SENECA NATION OF INDIANS