# ATTACHMENT 4

# LECG

November 29, 2004
Via FedEx

Mark E. Nagle, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Eleventh Floor East
1300 I Street, NW
Washington, D.C. 20005-3314

Re: <u>Internal accounting investigation for Seneca Nation of Indians</u>

Dear Mr. Nagle:

This will confirm that Sheppard, Mullin, Richter & Hampton LLP ("Counsel"), has been authorized on behalf of Seneca Nation of Indians ("Client") to engage LECG, LLC ("LECG") to provide consulting and backup support service(s) in the above-captioned matter.

Mr. John Salomon ("Consultant") will lead this engagement and provide consulting services to Counsel at Counsel's request and direction. It is not anticipated that the services to be rendered on this engagement will include providing expert testimony. If such testimony is required, a new engagement agreement will be entered into. Consultant understands that Counsel and Client are interested in obtaining objective and independent analysis in connection with this matter. Consultant will report to Counsel verbally from time to time, and at Counsel's direction, on the progress of the work and preliminary findings. Should Consultant require backup support in order to efficiently handle tasks required by this engagement, Consultant will use the internal support services of LECG. If specific backup support is required which cannot reasonably be provided by the support staff of LECG, Consultant, in consultation with Counsel, may employ additional support personnel. Counsel and Client acknowledge that Consultant's views are independent and objective, and Consultant's opinions are not those of LECG, its other employees or affiliates. It is understood that prior to the submission of any statement describing the nature of any opinions of Consultant in this matter to any third party, Consultant will be provided with the opportunity to review such statement for accuracy.

Client shall compensate LECG for services provided, which shall include Consultant's fees, LECG backup support hourly fees, computer charges and reimbursable costs and expenses. Mr. Salomon's hourly fee is $595. LECG's current hourly staff rates are: Research Analyst, $140-170; Associate, $135-235; Senior Professional Staff, $175-430. Hourly rates may change in the future. LECG will send its invoices in this matter to Counsel who agrees to forward these invoices to Client as soon as possible, but in no more than 14 days. To expedite prompt payment, LECG may also send copies of its invoices directly to Client, electronically where possible.

LECG's standard practice is to obtain a retainer at the commencement of an engagement. A retainer of $10,000 is required upon execution of this agreement.

A copy of LECG's standard commercial terms, which Counsel accepts on its behalf and on behalf of Client, is attached.

Mark E. Nagle, Esq.
November 29, 2004
Page 2

# LECG

The work undertaken by Consultant and LECG in connection with this matter is being done for and under the direction of Counsel and, accordingly, is part of Counsel's work-product. LECG shall not disclose any confidential or privileged information to any third party; provided, however, that LECG may disclose confidential or privileged information (a) to LECG's employees, affiliates, vendors or agents who provide services in connection with this engagement, (b) with Counsel's written consent, or (c) when legally required to do so. Both parties agree that confidential and proprietary information will not be construed to include information that is available from public sources or sources not subject to obligations of confidentiality to Counsel.

Counsel, Client or LECG may terminate this engagement upon 7 days written notice.

Sincerely,

J. Geoffrey Colton,
Director of Finance
On behalf of LECG, LLC


AGREED AND ACCEPTED:

Sheppard, Mullin, Richter & Hampton LLP and on behalf of Seneca Nation of Indians

By_____   Dated 12/6/04
    Mark E. Nagle, Esq.

# LECG

## LECG Standard Commercial Terms

LECG will bill for services on a monthly basis and will provide sufficient detail identifying services rendered and expenses incurred. In some circumstances, bills may be sent more frequently. LECG's billing statements shall be paid within thirty (30) days of the statement date. Counsel and Client agree they will review LECG's statement upon receipt and will advise LECG of any objection to or dispute with the statement and the work reflected in the statement within 30 days of the statement date. In the event that Counsel and Client dispute part of a LECG bill, the undisputed part shall be paid within 30 days of the statement date. Without liability, LECG reserves the right to withhold delivery of services, testimony, reports or data (written or oral) if the account on this engagement is not current. A late payment charge of 1 percent per month (or the maximum rate permitted by law, whichever is less) may be added to any amounts more than 30 days past due. If the account on this engagement becomes overdue beyond 30 days, LECG may suspend all work on Counsel and Client's behalf.

Expenses shall include all reasonable out-of-pocket costs incurred in connection with the services provided on this engagement (e.g., airfare, hotel, car rental, copying of documents, telephone calls, postage and shipping, etc.). LECG agrees to present a reasonably itemized statement of such expenses, and shall provide copies of original invoice or other documentation upon request.

If Counsel is retaining LECG to work on behalf of a third party, Counsel warrants that it is authorized by such third party to do so, and that such third party agrees to be responsible for payment and acknowledges its agreement to these commercial terms.

Depending on the particulars of the project LECG is undertaking on Counsel and Client's behalf, Client may be asked to pay a retainer in advance of LECG's performance of Services. LECG will hold the retainer until it renders its final invoice, at which time it will apply the retainer to any outstanding balance due. Any portion of the retainer not so applied at the conclusion of the work will be returned to Counsel or Client as the case may be.

Any estimate of anticipated fees for services that may be provided to Counsel or Client prior to or during the course of the work is LECG's best estimate of the effort that will be required to complete the services based on the information available to LECG at the time. Under no circumstances shall it be deemed a maximum fee or a fixed price.

In the event Consultant or LECG is requested pursuant to subpoena or other legal process to produce any documents or to provide testimony relating to engagements for Counsel in judicial or administrative proceedings to which LECG is not a party, Client shall reimburse LECG and Consultant at standard billing rates for its professional time and expenses, including reasonable attorneys' fees, incurred in preparing for and responding to requests for documents and providing testimony.

Except as otherwise required by law, it is LECG's standard document retention policy to destroy Client documents or return Client documents to Client at the time a matter is closed. Within 30 days of the closing of a matter, LECG will request direction from Client regarding disposition of Client documents. If Client wishes the documents returned, LECG will return them at Client's expense. To the extent Client requests that LECG retain the Client material in storage, Client will reimburse LECG for the cost of such storage. If Client does not respond to LECG within 30 days from the date

# LeCG

of the letter advising Client of the closing of the engagement, LECG may destroy the Client documents then in its possession without further notice to Client or Counsel.

LECG is a major consulting company which is engaged by many other companies and individuals. LECG's determination of conflicts is based on the substance of the work to be performed on an engagement as opposed to the parties involved. It is possible that some of Consultant's and LECG's past, present or future clients will have disputes with and other matters relating to Counsel and Client during the course of and subsequent to this engagement. As a condition of this engagement, Counsel and Client agree that LECG and Consultant may be engaged by parties with interests that are adverse to and may not be consistent with the interests of Counsel or Client. LECG and Consultant reserve the right to accept unrelated engagements with other parties consistent with internal, prior practices, and will not be required to advise Counsel or Client of such engagements in the future. Where appropriate, LECG will institute procedures to protect the confidentiality of information provided by Counsel and Client on this engagement. Counsel's engagement of LECG is expressly conditioned on Counsel's and Client's agreement not to use the fact of LECG's current or previous engagement by any opposing counsel or client in other matters as a means of enhancing or diminishing Consultant's or LECG's credibility in conjunction with any appearance before a trier of fact.

Any controversy, dispute, or claim between Client or Counsel on the one hand and LECG on the other hand of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this agreement, including any claim based on contract, tort, or statute, shall be resolved at the request of any party to this agreement, by final and binding arbitration, administered by and in accordance with the then existing Rules of Practice and Procedure of Judicial Arbitration & Mediation Services, Inc. (JAMS), or its successor entity, and judgment upon any reward rendered by the arbitrator may be entered by any State or Federal Court having jurisdiction thereof. Any such arbitration shall take place exclusively in Washington, DC. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in enforcing this agreement through arbitration or otherwise and reasonable attorneys' fees and costs incurred in appealing or enforcing any judgment entered by the arbitrator in any court having jurisdiction. The parties shall not be liable to each other for any consequential, incidental, special or punitive damages, or for direct compensatory damages in excess of the fees actually received by LECG for the performance of services hereunder.

SENEC-13787-TK
SJ