# ATTACHMENT 21

SENECA NATION OF INDIANS
CATTARAUGUS TERRITORY
PEACEMAKERS COURT

SENECA NATION OF INDIANS,

         Plaintiff

vs.

JUDICIAL ARBITRATION & MEDIATION
SERVICES, INC. (JAMS) and LECG, LLC.,

         Defendants

COMPLAINT

CA # 0125-06-1

Plaintiff, SENECA NATION OF INDIANS, by its attorneys, Brady & Swenson, for its complaint herein, states as follows:

1. Plaintiff ("the Nation") is a recognized sovereign nation organized in accordance with its Constitution of 1848, as amended, and recognized as such by the United States pursuant to treaty and federal law.

2. Upon information and belief, Defendant Judicial Arbitration & Mediation Services, Inc. ("JAMS") is a business corporation providing arbitration and related services to individuals and business entities and maintains offices at 555 13th Street, NW, Suite 700, Washington, D.C. 20004.

3. Upon information and belief, Defendant LECG, LLC ("LECG") is a business corporation or limited liability company that provides forensic accounting and other consulting services to its clients and maintains offices at 1725 Eye Street, NW, Washington, D.C. 20006.

4. On or about November 13, 2004, the Nation retained Roscoe C. Howard, Jr., Esq. and the law firm of Sheppard Mullin Richter & Hampton, LLP ("Howard") as independent counsel to conduct an independent review of actions taken by the Seneca Gaming Corporation and other entities and to retain qualified forensic auditors and other consultants to review certain financial transactions.

5. Thereafter, upon information and belief, Howard retained LECG to provide forensic accounting services to Howard for the purpose of reviewing such transactions and on or about November 29, 2004, Howard or his representative signed a document ("the Agreement") engaging LECG to perform

such services and purporting to bind the Nation to resolve any disputes arising under the agreement by arbitration administered by JAMS.

6. The Nation was not a party to the Agreement and never authorized or consented to the inclusion in the Agreement of any provision purportedly subjecting the Nation to binding arbitration of disputes, nor has the Nation ever consented to or authorized JAMS to exercise jurisdiction over any such disputes.

7. The Nation was not made aware of the terms of the Agreement until LECG submitted to JAMS a demand for arbitration of a dispute regarding payments allegedly due to LECG and involving LECG's performance of its obligations.

8. The Nation, as a sovereign, possesses immunity from lawsuits and/or arbitration proceedings.

9. Such immunity remains intact unless expressly waived by the Nation Council. See *Civil Procedure Rules §2-108(b)*, providing that the Nation's sovereignty cannot be implied.

10. By retaining Howard as independent counsel and authorizing him to "retain qualified forensic auditors", the Nation did not expressly or even impliedly waive its sovereign immunity from arbitration proceedings or lawsuits commenced by the consultants retained by Howard.

11. Upon information and belief, immediate and irreparable injury and loss could result unless defendants enjoined and restrained from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation.

WHEREFORE, plaintiff requests that this Court:

a. Enter judgment permanently enjoining and restraining defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation; and

b. Preliminarily enjoin defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation pending the final judgment herein; and

c. Grant a temporary restraining order restraining and enjoining defendants from commencing, prosecuting, administering, carrying on, holding and/or determining any arbitration proceeding brought by LECG against the Nation pending the hearing and determination of the Nation's application for a preliminary injunction; and

d. Grant such other and further relief as to the Court may seem just and proper.

Dated: January 23, 2006

Yours, etc.

*/s/ Matthew R. Swenson*

Matthew R. Swenson, Esq.
BRADY & SWENSON
Attorneys for Plaintiff Seneca Nation of Indians
41 Main Street
Salamanca, NY 14779
(716)945-2000