IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LECG, LLC

        Plaintiff,

        v.                                Civil Case No. 1:06-cv001303 (RCL)

THE SENECA NATION OF INDIANS

        Defendant.

_____

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONTINUE LCvR 16.3
CONFERENCE AND RELATED FILING REQUIREMENTS**

        Defendant Seneca Nation of Indians (the "Nation") submits this reply in support of the Nation's Motion to Continue (Doc. No. 10) the LCvR 16.3 Conference and related filing requirements set forth in the Court's Order dated September 19, 2006 (Doc. No. 9). Critically, in response to the Nation's motion, LECG, LLC ("LECG") does not dispute that the appropriate scope and timing of proceedings in this action will not be clear until the Court rules on the Nation's Motion to Stay (Doc. No. 12). Nor does LECG dispute that this action is patently duplicative of an action previously filed by the Nation on January 23, 2006 in the Seneca Nation of Indians Peacemakers Court ("Peacemakers Court") or that LECG has openly contested the jurisdiction of that court. Instead, LECG's response contains various representations about conversations and the course of events that are neither relevant nor entirely accurate; the Nation, however, will not burden the Court with a debate about them.

The pertinent point is that LECG may not, by filing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), evade the unequivocal mandate of the Supreme Court, which requires LECG to first exhaust its remedies in the parallel action pending before the Peacemakers Court. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985) ("[T]he orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed."); *see also Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19 (1987) ("Unless a federal court determines that the Tribal Court lacked jurisdiction, however, proper deference to the tribal court system precludes relitigation of issues raised by the [respondents'] bad-faith claim and resolved in the Tribal Courts."). The Nation's Answer makes clear that the threshold question in this action is LECG's obligation to exhaust its remedies in the courts of the Seneca Nation pursuant to the exhaustion doctrine, see *Seneca Nation of Indians' Answer*, Doc. No. 8 at ¶¶ V-Y, and the Nation has proceeded, in a timely fashion, to file a Motion to Stay all proceedings in this action pending such exhaustion.

Accordingly, the Nation respectfully reiterates its request for a continuance of all dates set forth in the Court's Order dated September 19, 2006 until further order of the Court. The Nation further requests that the Court reject LECG's effort to short circuit the threshold issue in this litigation – the mandatory application of the exhaustion doctrine – by way of a LCvR 16.3 Conference, limited discovery, or briefing on the merits.

Respectfully submitted this 4th day of October, 2006.

KANJI & KATZEN, PLLC

/s/ Riyaz A. Kanji_____

| | |
|---|---|
| Robert Odawi Porter | Riyaz A. Kanji (D.C. Bar No. 455165) |
| Senior Policy Advisor and Counsel | Kanji & Katzen, PLLC |
| Christopher Karns | 101 North Main Street |
| Deputy Counsel | Suite 555 |
| Seneca Nation of Indians | Ann Arbor, Michigan 48104 |
| Post Office Box 231, Seneca Nation | Ph:   (734)-769-5400 |
| Salamanca, New York 14779 | Fax: (734)-769-2701 |
| Ph:   (716) 945-1790 | Email:  rkanji@kanjikatzen.com |
| Fax: (716) 945-6869 | |

Phillip E. Katzen
Cory Albright
KANJI & KATZEN, PLLC
100 South King Street, Suite 560
Seattle, Washington 98104
Ph:   (206) 344-8100

*Counsel for Seneca Nation of Indians*