**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

LECG, LLC

        Plaintiff,

        v.

THE SENECA NATION OF INDIANS

        Defendant.

_____

Civil Case No. 1:06-cv001303 (RCL)

**DEFENDANT'S MOTION TO CONTINUE DATE FOR FILING OPPOSITION**
**TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Local Civil Rules ("LCvR") 7(b) and 16.1(b), Defendant Seneca Nation of Indians (the "Nation") moves to continue the date for filing its opposition to Plaintiff LECG, LLC's ("LECG") Motion for Judgment on the Pleadings (Doc. No. 18).[1] The Nation has moved to stay all proceedings in this duplicative action pending LECG's exhaustion of remedies in an action previously-filed by the Nation in the Seneca Nation of Indians' Peacemakers Court, and involving the same questions of law and fact that LECG seeks to litigate here. Defendant's Motion to Stay (Doc. No. 12). In response, LECG has now filed a dispositive motion seeking to embroil the Nation and this Court in the underlying merits of the parties' dispute prior to resolution of the threshold exhaustion issue. However, the exhaustion doctrine, which serves to promote fundamental goals including a proper respect for tribal courts, judicial economy, and the

---

[1] Undersigned counsel has discussed this motion with counsel for LECG, who has indicated that LECG opposes the motion.

orderly administration of justice, unquestionably bars LECG's motion at this juncture. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14-17 (1987); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985).

As the Nation noted in its Motion to Continue LCvR 16.3 Conference and Related Filing Requirements (Doc. No. 10), "[t]he issue of tribal exhaustion is a threshold one because it determines the appropriate forum." *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 849 (8th Cir. 2003). In opposing that motion, LECG argued that a LCvR 16.3 conference was necessary to discuss LECG's intent to conduct limited discovery and to file a dispositive motion. Doc. No. 11 at 2. The Court granted the Nation's motion on October 23, 2006 (Doc. No. 15); nevertheless, LECG has now proceeded to file a dispositive motion. Where exhaustion is required, however, "the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *Nat'l Farmers*, 471 U.S. at 856. That is, exhaustion functions as a "prerequisite to a federal court's exercise of its jurisdiction" and must occur before the federal court may "take action on the complaint." *Burlington Northern R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1245 (9th Cir. 1991). Indeed, as the Nation has argued in its Motion to Stay, if this Court determines that exhaustion is warranted, then any determination on the merits of the dispute by the Peacemakers Court will be determinative unless this Court subsequently finds that the Peacemakers Court lacked jurisdiction over the parties or the subject matter of the action. Doc. No. 12 at 34-35.

Just as a LCvR 16.3 Conference was premature pending this Court's resolution of the Nation's Motion to Stay, which resolution will dictate the appropriate scope and timing of proceedings in this action, so too is LECG's Motion for Judgment on the Pleadings. The Nation should not be compelled to prepare and present its case on the merits unless and until the Court determines that the exhaustion of tribal court remedies is not warranted. In short, LECG may not circumvent the jurisdiction of the Peacemakers Court over the merits of this dispute, and may not circumvent this Court's consideration of the Nation's exhaustion motion, by interposing in this Court a motion for judgment on the pleadings prior to resolution of the threshold exhaustion issue. Accordingly, the Nation respectfully requests a continuance of the date for filing its opposition to LECG's Motion for Judgment on the Pleadings until further order of the Court.

Respectfully submitted this 8th day of November, 2006.

KANJI & KATZEN, PLLC

s/ Riyaz A. Kanji
Riyaz A. Kanji (D.C. Bar No. 455165)
Kanji & Katzen, PLLC
101 North Main Street
Suite 555
Ann Arbor, Michigan 48104
Ph: (734)-769-5400
Fax: (734)-769-2701
Email: rkanji@kanjikatzen.com