IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LECG, LLC

        Plaintiff,

        v.                       Civil Case No. 1:06-cv001303 (RCL)

THE SENECA NATION OF INDIANS

        Defendant.

_____

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONTINUE DATE FOR FILING OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

      Plaintiff LECG, LLC's ("LECG") *Opposition to Defendant's Motion to Continue Date to Oppose Plaintiff LECG, LLC's Motion for Judgment on the Pleadings* ("*Opposition*") (Doc. No. 21) wholly ignores the concise issue presented by the Seneca Nation of Indians (the "Nation") in its *Motion to Continue Date for Filing Opposition to Plaintiff's Motion for Judgment on the Pleadings* (Doc. No. 19), and instead proffers several pages of cumulative and unauthorized argument in sur-reply to the Nation's *Motion to Stay*.[1] The Nation will not dignify those arguments with a response.

---

[1] For example, as it did in its *Memorandum of Law in Opposition to Defendant's Motion to Stay and in Support of Plaintiff LECG, LLC'S Motion for Judgment on the Pleadings*, LECG (which holds itself out as "one of the largest and most reputable firms in its industry [of forensic accounting, litigating support, and consulting services], employing more than 1,000 professionals in some 37 domestic and international offices[,]" *Amended Complaint for Declaratory Relief* (Doc. No. 6) at ¶ 3) seizes upon its own naiveté and speculates as to the parade of horribles that might result from the ultimate resolution of the parties' dispute in the Nation's favor. *Opposition* at 4. It remains a mystery, however, as to how a continuance of LECG's *Motion for Judgment on the Pleadings*, pending resolution of the Nation's threshold *Motion to Stay*, would precipitate that

The basis for the instant motion is simple. If this Court determines that LECG must exhaust its remedies in the courts of the Seneca Nation before seeking to collaterally adjudicate the parties' dispute in this Court, then it is a colossal waste of the Court's resources to simultaneously review the merits of that dispute, which merits are not germane to the Nation's *Motion to Stay* (as explained in the Nation's reply in support of that motion), which merits are already pending before the Seneca Nation of Indians Peacemakers Court ("Peacemakers Court"), and which merits this Court may never have occasion to reach. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16, 19 (1987) (exhaustion doctrine serves to avoid "direct competition" between federal and tribal courts, and "[u]nless a federal court determines that the Tribal Court lacked jurisdiction . . . proper deference to the tribal court system precludes relitigation of issues raised . . .

---

parade. Moreover, LECG's policy argument (which amounts to no more than the expression of LECG's desire for this Court to immediately resolve the merits of the parties' dispute in LECG's favor) has no bearing on the application of the exhaustion doctrine, which fully preserves LECG's ability to challenge in federal court the Peacemakers Court's exercise of jurisdiction (and if such challenge is upheld, to relitigate in federal court the merits of the parties' dispute), so long as LECG first exhausts its remedies in the courts of the Seneca Nation. It goes without saying that such speculative policy arguments are patently insufficient to trump well-established principles of federal law. *See, e.g.*, *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 758 (1998) (deferring to Congress's judgment as to whether sovereign immunity should be abrogated on grounds that in "economic context, immunity can harm those who are unaware that they are dealing with a tribe, who do not know of tribal immunity, or who have no choice in the matter"); *Bank of Oklahoma v. Muscogee (Creek) Nation*, 972 F.2d 1166, 1169 (10th Cir. 1992) (rejecting argument that "commercial relations between Indian tribes and non-Indian banks will be chilled" by finding of sovereign immunity and rejecting "invitation to second-guess the wisdom of the [tribe's] business decisions under the guise of judicial review"); *World Touch Gaming, Inc. v. Massena Mgmt, LLC*, 117 F. Supp. 2d 271, 275-76 (N.D.N.Y. 2000) (noting that "sophisticated" company "cannot now rely upon naivete" and "should have been careful to assure that either the Management Company had the express authority of the Tribe to waive sovereign immunity, or that the Tribe itself expressly waived sovereign immunity with respect to the sales and lease Agreements").

and resolved in the Tribal Courts"); *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985) (exhaustion doctrine preserves "orderly administration of justice" and avoids risks of "procedural nightmare[s]" by requiring that federal courts not address "the merits or any question concerning appropriate relief" until exhaustion is complete and tribal courts have had opportunity to "explain to the parties the precise basis for accepting jurisdiction" ).

Likewise, the Nation should not be compelled to prepare and present its case on the merits until the Court resolves the threshold exhaustion issue, which resolution will dictate whether LECG may litigate in this Court, at this time, the merits of the parties' dispute as to the validity of the boilerplate arbitration clause and purported waiver of the Nation's sovereign immunity. While the Nation does not desire to avoid adjudication of that dispute, the Nation does contend that federal law unquestionably mandates that the Peacemakers Court, in the event that it upholds its jurisdiction over LECG and the parties' dispute, be the forum in which that adjudication first occurs.[2] Accordingly, the Nation respectfully requests a continuance of the date for filing its opposition to LECG's *Motion for Judgment on the Pleadings* until further order of the Court.

---

[2] Contrary to LECG's assertion that exhaustion would somehow render *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001), a "dead letter of the law[,]" *Opposition* at 3, LECG is of course free to present all of its arguments on the merits, including those premised on *C & L Enters.*, to the Peacemakers Court.

4

Respectfully submitted this 22nd day of November, 2006.

                                             KANJI & KATZEN, PLLC

                                             s/ Riyaz A. Kanji
                                             Riyaz A. Kanji (D.C. Bar No. 455165)
                                             Kanji & Katzen, PLLC
                                             101 North Main Street
                                             Suite 555
                                             Ann Arbor, Michigan 48104
                                             Ph:  (734)-769-5400
                                             Fax:  (734)-769-2701
                                             Email:  rkanji@kanjikatzen.com