IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LECG, LLC

        Plaintiff,

   v.

THE SENECA NATION OF INDIANS

        Defendant.

Civil Case No. 1:06-cv001303 (RCL)

## NOTICE OF DECISION IN PARALLEL ACTION PENDING BEFORE SENECA NATION OF INDIANS PEACEMAKERS COURT

Defendant Seneca Nation of Indians (the "Nation") respectfully submits the attached *Findings of Fact and Conclusions of Law*, entered September 14, 2007 by the Seneca Nation of Indians Peacemakers Court in CA#0125-06-1, *Seneca Nation of Indians vs. Judicial Arbitration & Mediation Services, Inc. (JAMS) and LECG, LLC*. As set forth in the Nation's *Motion to Stay* and *Reply in Support of Motion to Stay* (Doc. Nos. 12, 20), the instant action is duplicative of the previously-filed action pending before the Peacemakers Court and is subject to the tribal court exhaustion doctrine announced in *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9 (1987) and *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845 (1985).

After inviting briefing on all jurisdictional issues from the parties, the Peacemakers Court concluded, under both federal and Nation law, that it possesses subject matter jurisdiction over the dispute between the Nation and LECG, LLC, and that it possesses personal jurisdiction over LECG, LLC. *Findings of Fact and Conclusions of*

*Law* at 10-12. The Peacemakers Court further ordered the parties to appear on November 19, 2007 for the purpose of "scheduling further proceedings, including discovery, if any, dispositive motions and the trial of this action." *Id.* at 12-13. The Peacemakers Court's order is fully consistent with the tribal court exhaustion doctrine, which dictates, as a matter of federal law, that when a tribal or nation court determines that it possesses jurisdiction over a dispute involving a non-Indian, that court should be permitted to adjudicate the merits of the underlying dispute without interference. *See Motion to Stay* at 34-35 (Doc. No. 12). Pursuant to the doctrine, unless and until the party challenging the tribal or nation court's jurisdiction exhausts all remedies available in that court system, the district court should stay the parallel federal court action. *See id.* at 34-37; *see also Reply in Support of Motion to Stay* at 19 n.15 (Doc. No. 20).

Respectfully submitted this 21st day of September, 2007.

KANJI & KATZEN, PLLC

s/ Riyaz A. Kanji
Riyaz A. Kanji (D.C. Bar No. 455165)
Kanji & Katzen, PLLC
101 North Main Street
Suite 555
Ann Arbor, Michigan 48104
Ph: (734)-769-5400
Fax: (734)-769-2701
Email: rkanji@kanjikatzen.com