IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LECG, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE SENECA NATION OF INDIANS<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Civil Case No. 1:06CV01303 (RCL)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO DEFENDANT'S NOTICE OF
<u>SENECA NATION OF INDIANS PEACEMAKER COURT DECISION</u>**

Plaintiff LECG, LLC ("LECG"), by and through its undersigned counsel, responds to the Notice of Decision in Parallel Action Pending Before Seneca Nation of Indians Peacemakers Court (the "Decision"), filed by Defendant The Seneca Nation of Indians ("Seneca").

Seneca asserts that the Decision shows that "the instant action is duplicative of the previously-filed action pending before the Peacemakers Court and is subject to the tribal exhaustion doctrine."  (Notice, p. 1)  Just the opposite is true.  The Decision removes any obstacle posed by the tribal exhaustion doctrine and clears the way for this Court to decide LECG's Rule 12(c) motion for judgment on the pleadings and to hold that Seneca must arbitrate its dispute with LECG.

As LECG explained earlier,[1] under *C & L Enter., Inc. v. Citizens Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001) and other authorities, the tribal exhaustion doctrine did not prevent this action from going forward.  But even if that doctrine had done so, its requirements have now been satisfied because the Tribal court

---

[1]　　Memorandum of Law in Opposition to Defendant's Motion to Stay and in Support of Plaintiff LECG's Motion for Judgment on the Pleadings, filed October 30, 2006.

has now ruled.  Not surprisingly, and just as LECG predicted, the Decision finds that sovereign immunity protects Seneca from having to arbitrate its dispute with LECG.  It finds that Seneca's "Resolution did not authorize the Independent Counsel to subject the Nation to binding arbitration or to otherwise waive the Nation's sovereign immunity from unconsented legal proceedings." (¶ 3)  It also finds Seneca's complaint "requires that the [Tribal] Court adjudicate and declare the rights of the parties because the Court cannot rule on [Seneca's] request for injunctive relief without making a determination as to the rights and legal relations of the parties with respect to the waiver of sovereign immunity alleged by LECG and the Nation's obligation to arbitrate its dispute with LECG." (¶ 19)  The Decision thus specifically reaches and decides the issue of Seneca's obligation to arbitrate its dispute with LECG under the agreement signed by its Independent Counsel and holds that Seneca has no obligation to do so because of sovereign immunity.[2]

The Decision does not, however, resolve whether Seneca must arbitrate its dispute with LECG.  That issue is one that this Court alone has authority to decide.[3]  The Decision never addresses the issue of apparent authority that LECG has raised before this Court, even though the Decision cites at least one filing in this Court (¶ 27) and admits that engagement letter with LECG stated that the Independent Counsel was undertaking

---

[2]    Because there is nothing left for the Tribal court to decide, there is no point to LECG appearing at the November 19th conference scheduled in the Decision and LECG will not appear at that conference.

[3]    "'The question whether an Indian Tribe retains the power to compel a non-Indian . . . to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law. . .' That question, therefore, is a federal question within the purview of 28 U.S.C. § 1331.  In other words, federal courts have authority to determine, as a matter 'arising under' federal law, the limits of a tribal court's jurisdiction.  The fact that a plaintiff's claims are not premised on federal law does not alter this result." *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuch Housing Auth.*, 207 F.3d 21,27-28 (1st Cir. 2000), quoting *Nat'l Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 852 (1985)(internal citations omitted).  This Court therefore has the authority to determine whether the Tribal Court or the arbitral body has jurisdiction over the dispute with LECG and whether the Tribal Court's assertion of jurisdiction over that dispute in the Decision is proper.  Seneca admits that this Court has jurisdiction to decide that issue. (LECG Complaint and Seneca Answer ¶ 5)

an "Internal accounting investigation *for Seneca Nation of Indians*." (¶ 5, emphasis added)  Because there is no longer any tribal exhaustion obstacle to prevent this Court from determining the Independent Counsel's apparent authority and the Tribal court's jurisdiction over LECG's claim, it should proceed to decide those issues without further delay.  LECG therefore respectfully requests that the Court decide LECG's motion for judgment on the pleadings and find that Seneca's Independent Counsel law firm had apparent authority to bind Seneca to arbitrate, and that Seneca therefore must arbitrate its dispute with LECG before JAMS.

Dated: September 27, 2007

                                              Respectfully submitted,

                                               _/s/ Timothy A. Ngau_____
                                              John F. Cambria, Esq.
                                              ALSTON & BIRD LLP
                                              90 Park Avenue
                                              New York, NY 10016
                                              Tel.: (212) 210-9400
                                              (Admitted *pro hac vice*)

                                              Timothy A. Ngau, Esq.
                                              (D.C. Bar no. 339333)
                                              ALSTON & BIRD LLP
                                              The Atlantic Building
                                              950 F Street, N.W.
                                              Washington, D.C. 20004
                                              Tel.:  (202) 756-3300

                                              Attorneys for Plaintiff LECG, LLC